419 A.2d 598

**Donald C. McCLIMANS, Appellant,**

v.

**Alvin J. BARRETT.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed April 11, 1980.

Reconsideration or Reargument Denied June 30, 1980.

558

Ruth Anne Beighley, Greenville, for appellant.

Warren R. Keck, III, Greenville, for appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

The issue on appeal is whether the court properly granted preliminary objections and dismissed a complaint. Appellant Donald C. McClimans, brought an action in equity in Mercer County against his partner Alvin J. Barrett, appellee. McClimans and Barrett, according to the complaint, have been engaged in the insurance and real estate business in Greenville since April, 1960. They have a written partnership agreement and have conducted their business under the name McClimans Barrett and Company. In the complaint appellant pleads that there is a deadlock in the management of the partnership. He avers that the deadlock is causing irreparable injury to the partnership and that it has developed because appellee has: reduced his working hours; curtailed his civic responsibilities; abdicated his responsibilities as office manager, as well as other managerial and proprietary responsibilities; and that he has expressed his hatred for appellant. As a result of this, appellant sought appointment of a receiver and court–supervised dissolution of the partnership. Following service of the complaint, appellee filed preliminary objections. Appellant did not file an answer to the preliminary objections as is permitted under Pa.R.C.P. 1017(a) but simply ordered the matter on the argument list. No evidence was heard. The court sustained the first preliminary objection entitled, "Availability of Contractual Remedy" and dismissed the complaint.

Pa.R.C.P. 1017 and 1509 govern the filing of preliminary objections in equity and limit the permissible objections to certain specified grounds. The stated preliminary objection here is not among the designated grounds for raising preliminary objections and nowhere in the pleadings or in the lower court's opinion does it appear which basis for dismissal of the suit is invoked. In support of his objection as to availability of a contractual remedy, appellee relied upon paragraph 20 of the partnership agreement (which was an exhibit to the complaint). Paragraph 20 commences, "Upon the termination of the partnership, or dissolution thereof for any cause, . . ." and thereafter, together with subsequent paragraphs, provides for a plan of dissolution and

method of fixing the value of a partner's interest in the event of a purchase of his share. Paragraph 23 provides that in the event of dissolution for any reason, the retiring partner agrees not to compete with the remaining partner.

The term of the partnership is set forth in paragraph 4 of the agreement as follows:

> "The effective date of the partnership shall be beginning June 1, 1960 and is formed for an indefinite term until dissolution by reason of death, insanity, withdrawal of either partner, or mutual agreement."

The lower court found that by instituting the action in equity, the appellant thereby effected a dissolution of the partnership, and that the parties were, by their agreement, bound to dissolve according to the provisions of paragraph 20 of the partnership agreement.

■ When the sustaining of defendant's preliminary objections will result in a denial of plaintiff's claim, or a dismissal of plaintiff's suit, preliminary objections should be sustained only in cases which are clear and free from doubt. *Adams v. Speckman*, 385 Pa. 308, 309, 122 A.2d 685 (1956); *Legman v. Scranton School District*, 432 Pa. 342, 247 A.2d 566 (1968); *Dana Perfumes Corp. v. Greater Wilkes–Barre Industrial Fund, Inc.*, 248 Pa.Super. 295, 375 A.2d 105 (1977). Although not designated as such, it appears that the court treated the objection here as in the nature of a demurrer.[1] In *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691, 693 (1976), our Supreme Court stated that the standard for sustaining demurrers is quite strict and "if there is any doubt, this should be resolved in favor of overruling the demurrer."

1. If the dismissal was made on the basis of jurisdiction, it cannot stand. The preliminary objection here is similar to an objection on the basis of a contractual agreement to arbitrate. It is clear in Pennsylvania that:

> "Our appellate courts in applying this test, have consistently and emphatically held that a contractual arbitration clause does not affect the subject matter jurisdiction of the trial court and, therefore, does not provide a proper basis for preliminary objection." *Wechsler v. Newman*, 256 Pa.Super. 81, 389 A.2d 611, 614; *University Square No. 1, Inc. v. Mashoefer*, 407 Pa. 257, 180 A.2d 427 (1962).

 Appellant contends that the language of paragraph 20 dealing with dissolution "for any cause" must be read in conjunction with paragraph 4 which provides that the partnership shall continue for an indefinite term until dissolution by reason of death, insanity, withdrawal, or mutual agreement. Of these, the only basis for dissolution which could be said to apply is withdrawal and it is argued withdrawal contemplates an amicable departure of one partner from the business. Here, it is contended each partner claims the other is the withdrawing partner[2] and thus, the procedures set out in paragraph 20 do not apply and the court should intervene. It is further argued that the complaint details a course of conduct and action by appellee which worked a prior dissolution of the partnership under the Uniform Partnership Act, Act of December 19, 1975, P.L. 524, No. 155, 59 Pa.C.S.A. 353(1)(ii) and (2),[3] and thus, it is contended the court should not have found that the initiation of the suit was the original act of dissolution. Relief is sought on the basis that appellee's activities have so frustrated the purposes of the partnership agreement that a dissolution under the agreement is not feasible. While the court may ultimately reject these arguments it cannot be said that this conclusion is so clear and free from doubt as to justify the grant of preliminary objections and dismissal of the complaint. A partnership agreement as a contract must be interpreted in accordance with the intent of the parties and

2. It is evident that neither party wants to be "withdrawing" partner since the withdrawing partner under the agreement may not compete with the remaining partner.

3. "§ 353 Cause of dissolution
 Dissolution is caused:
 (1) Without violation of the agreement between the partners:
 * * * * * *
 (ii) By the express will of any partner when no definite term or particular undertaking is specified.
 * * * * * *
 (2) In contravention of the agreement between the partners, where the circumstances do not permit a dissolution under any other provision of this section, by the express will of any partner at any time."

each part of the contract must be taken into consideration and given effect. *Cerceo v. De Mario*, 391 Pa. 157, 137 A.2d 296 (1958). The appellant should be given the opportunity to support his assertions.

The situation may be contrasted with those cases where partners have provided for compulsory arbitration of their controversy including disputes as to the construction of the agreement. Even in such instances the remedy is to stay the proceedings rather than dismissal of the complaint. *Waddell v. Shriber*, 465 Pa. 20, 348 A.2d 96 (1975) and footnote 2 *supra*. *See Wolf v. Baltimore*, 250 Pa.Super. 230, 378 A.2d 911 (1977).

Finally, we note that appellant in his complaint asked for the appointment of a receiver and alleged irreparable harm. Even in a case where the court properly concludes that the dissolution of a partnership must be extrajudicially accomplished, under certain circumstances, a receiver may be appointed to protect the assets from dissipation. *Waddell, supra.*

The order dismissing the complaint and sustaining the preliminary objections as to availability of contractual remedy is reversed, the complaint is reinstated and the case is remanded for further proceeding.

Reversed.