462 A.2d 267

**William E. RIKER, Individually and as Parent and Natural Guardian of William E. Riker, Jr. and Denise K. Riker, Minors,**

**v.**

**Bernard V. DiGIACOMO and County of Montgomery.**

**Appeal of Bernard V. DiGIACOMO.**

Superior Court of Pennsylvania.

Argued March 2, 1983.

Filed July 1, 1983.

Bernard V. DiGiacomo, Norristown, appellant, in propria persona.

Margaret Mary Maguire, Norristown, for appellee.

Before CERCONE, President Judge, and CAVANAUGH and WIEAND, JJ.

CAVANAUGH, Judge:

The issue on appeal is the propriety of the trial court's order sustaining preliminary objections and dismissing a complaint which sought to join the County of Montgomery as an additional defendant. Appellant DiGiacomo is an attorney. He was sued by William E. Riker individually and as parent and natural guardian of his minor children William E. Riker, Jr. and Denise K. Riker. Attorney DiGiacomo had acted as counsel in an adoption proceeding wherein Riker's two children had, with Riker's consent, been adopted by his friends Joseph and Anna Mae Avery. A final decree in that matter was entered. Thereafter problems arose with respect to the Averys' care of the children. Riker then sought to regain custody of his children and, after a hearing, was successful in having the court vacate the decree which had terminated his parental rights and enter an order restoring custody to him.

Riker's suit against DiGiacomo claimed that the attorney had failed to properly advise him of all the ramifications of the adoption proceedings, and that as a result he had to undergo certain expenses to regain custody of his children. The complaint also sought damages for mental and psychological ills associated with the consequent experience. In a separate count, Riker, as parent and natural guardian of the children, sought damages for their emotional trauma caused by the attorney's alleged neglect. After some further pleading, not here pertinent, DiGiacomo filed the present second amended complaint against the County of Montgomery. In it appellant complained that the County, through its Child Welfare Service, contested Riker's attempt to have the adoption order vacated and to regain custody of the children, and that it was the agency which was responsible for removing the children from the custody of the adopting parents, and resisting return of the children to Riker. Appellant concluded by claiming that the County

was liable "solely or jointly and severally liable or liable over to the defendant" for damages. The court sustained preliminary objections to this complaint on the ground that it failed to state a cause of action.

■ Our inquiry is guided by a liberal precept. If there exists any doubt as to whether the averments of the complaint would permit recovery if ultimately proven, the preliminary objection should not be sustained. *Gekas v. Shapp*, 469 Pa. 1, 364 A.2d 691 (1976); *King v. U.S. Steel Corporation*, 432 Pa. 140, 247 A.2d 563 (1968); *Eckrich v. DiNardo*, 283 Pa.Super. 84, 423 A.2d 727 (1980); *McClimans v. Barrett*, 276 Pa.Super. 557, 419 A.2d 598 (1980); *Wells v. Pittsburgh Board of Public Education*, 31 Pa. Cmwlth. 1, 374 A.2d 1009 (1977). Approached from this standpoint we think the lower court too narrowly read the complaint when it found that the appellant's allegations failed to set forth a cause of action upon which relief could be granted. The rule governing the right to join additional defendants is Pa.R.C.P. 2252(a):

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

■ The rule provides for joinder by a party of an additional defendant under a variety of theories including: one who may be (1) alone liable or (2) liable over to him or (3) jointly or severally liable with him on the cause of action declared by the plaintiff or (4) liable to the joining party on a cause of action arising out of the transaction(s) forming the basis of the plaintiff's complaint. The trial court found that appellant's complaint pleaded a series of negligent acts toward the Averys, the adopting parents, and since the

Averys were not parties to the suit it did not state a cause of action as to the County and, also, that the remaining averments cited negligence as to Riker which came after the Orphans' Court decree which terminated Riker's parental rights. In neither instance, the court concluded, was there a breach of duty, for as to one theory it claimed negligence as to a non-party and as to the other there was no duty to Riker as a non-parent.

However, DiGiacomo's complaint alleges that the County contested Riker's efforts to have the adoption decree vacated and contested plaintiff's claim to custody and control of the minor children and that this was the cause of the plaintiff's damage. Faced with Riker's claim that he was misled into agreeing to the original adoption we cannot say without a doubt that there is no basis for claiming that the county did not breach a duty by the claimed wrongful resistence to Riker's attempts to restore his parental rights. While there was in fact an order terminating parental rights, appellant may be able to show at trial that the county acted unreasonably in giving rise to the circumstances wherein Riker was improperly or unduly impeded in his efforts to regain custody of his children. Moreover, Riker, now restored as the legal as well as natural parent of his two children, in a separate count in his complaint claimed damages on their behalf alleging mental and psychological injury as a result of the removal of custody from the Averys and refusal to return the children to Riker. Even if it was clear beyond a doubt that the County could have no duty to Riker because his parental rights had been terminated at the time of the relevant events, it cannot be concluded that there was no breach of duty to the two children whose claim Riker asserts in a representative capacity.

It is true that both the underlying complaint and the complaint to join the additional defendant are somewhat imprecise and vague and cover a complex series of events out of which less than routine legal relationships and consequent duties are somewhat problematically formulated.

However, considering the mandated standard, and recognizing that we are reviewing a dismissal at the very threshold of the appellant's joinder, we think that the court erred and, therefore, reverse the order granting the preliminary objections and remand the case for further consistent proceedings.

Order reversed.

Jurisdiction is relinquished.