495 A.2d 203

**Richard JONES, Appellant,**

v.

**P.M.A. INSURANCE COMPANY and Christopher Pakuris, Esquire, Appellees.**

Superior Court of Pennsylvania.

Argued March 25, 1985.

Filed June 21, 1985.

412

Richard N. Shapiro, Philadelphia, for appellant.

Wayne A. Schaible, Philadelphia, for appellees.

Before BECK, POPOVICH * and TROMMER **, JJ.

BECK, Judge:

■ The sole issue in this appeal is whether the trial court erred in sustaining appellees' preliminary objections. The trial court concluded that appellant's sole remedy was provided by The Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1, *et seq.* (herein "the Act"), and that the trial court therefore lacked jurisdiction.

---

* Popovich, J., recused himself from this case after argument and did not participate in the disposition of this case.

** Judge Evelyn Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

We affirm the trial court and conclude that preliminary objections were properly sustained but for reasons different from the trial court's.[1]

The relevant facts are as follows. Appellant sustained an injury within the scope of his employment. His employer was insured by appellee Pennsylvania Manufacturers' Association Insurance Company (PMA). Appellant was paid workers' compensation benefits for a short period of time. Appellant attempted to return to work, but was unable to do so because of his injuries. He filed a petition to receive additional workers' compensation and to contest the prior termination of benefits.

Prior to a compensation hearing, and in appellant's presence, appellant's counsel asked Christopher Pakuris, in-house counsel for PMA, and one of appellees herein, whether appellant would be paid workers' compensation benefits. Appellant claims appellee replied "We would pay him if he wasn't represented by you."

Appellant filed a suit charging intentional infliction of emotional distress, claiming that as a result of appellee's statement, appellant became nervous, worried, experienced insomnia and suffered stomach disorders.

Appellees raised preliminary objections on several grounds. The trial court sustained the objections on the grounds that appellees were immune from suit.[2] Appellant's sole remedy was under the Act. This timely appeal followed.

---

**1.** "It is well established that an appellate court may affirm the action of a lower court on a different rationale than that advanced by the lower court in support of its Order, Decree or Judgment." *Commonwealth v. Boden,* 337 Pa.Super. 108, 110 n. 1, 486 A.2d 504, 505 n.1 (1984) *quoting Commonwealth ex rel. Wardrop v. Warden,* 237 Pa. Super. 502, 504, 352 A.2d 88, 89 (1975).

**2.** Section 501 of the Act provides that an insurer that assumes the employer's liability "shall be entitled to all of the employer's immunities and protection hereunder." *See Brown v. Travelers Insurance Company,* 434 Pa. 507, 254 A.2d 27 (1969) (employer's worker's compensation insurer included within the term "employer" as used in the immunity provisions of the worker's compensation law).

■ Appellant correctly asserts that the exclusive protection provided by the Act does not exclude a suit for an intentional tort. The Pennsylvania Supreme Court held in *Readinger v. Gottschall*, 201 Pa.Super. 134, 137–8, 191 A.2d 694, 696 (1963):

If the injury is the result of an accident in the course of the employment, the Workmen's Compensation Act by its term bars any recovery in trespass with certain exceptions. Nothing is said about an injury intentionally inflicted by the employer ...

... The word "accident" itself is nowhere defined in the act but its language, covering only injury or death "by an accident" indicates no intention that deliberate injury to an employee by his employer is intended to be covered.

■ Appellees cite provisions of the Act, which provides penalties for an insurer's non-payment or delay in payment of compensation and for an unreasonable contest of a claim. 77 P.S. §§ 991(d)(i), 996. It is appellees' argument that the Act protects appellant against the sort of harm appellant alleges. However, the type of claim contemplated by the penalty provisions does not include penalty for an intentional tort.

However, appellant's preliminary objections were properly sustained since appellant's complaint does not state a cause of action for intentional infliction of emotional distress. Under Restatement (Second) of Torts § 46:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to other results from it, for such bodily harm.

The conduct requisite for liability under section 46 was further explained in comment (d):

Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and

to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions or other trivialities.

See *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company,* 494 Pa. 501, 511 n. 8, 431 A.2d 966 n. 8 (1981); *Jones v. Nissenbaum Rudolph & Seidner,* 244 Pa.Super. 377, 368 A.2d 770 (1976).

This court held in *Riker v. DiGiacomo,* 315 Pa.Super. 424, 427, 462 A.2d 267, 269 (1983), "If there exists any doubt as to whether the averments of the complaint would permit recovery if ultimately proven, the preliminary objection should not be sustained." *See Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976).

 It is clear that appellees' conduct did not rise to the level of an affront to society, or an act "utterly intolerable in a civilized community." Appellee Pakuris' statement was unquestionably an insult not to appellant himself, but to his lawyer.[3] As the Restatement (Second) Torts concludes in comment (d) of section 46, "The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind."

The preliminary objections were properly sustained since appellant failed to state a cause of action. The order of the trial court is affirmed.

**3.** It is interesting to note that greater tolerance for abusive language exists in the adversarial arena. See *Post v. Mendel,* 336 Pa.Super. 467, 485 A.2d 1176 (1984) and *Thompson v. Sikov,* 340 Pa.Super. 382, 490 A.2d 472 (1985).