Raymond KOSLOP, Plaintiff,

v.

CABOT CORPORATION, Defendant.

John HLUDZIK, Plaintiff,

v.

CABOT CORPORATION, Defendant.

Charles TRUSKY, Plaintiff,

v.

CABOT CORPORATION, Defendant.

Robert P. DUNSTAN, Plaintiff,

v.

CABOT CORPORATION, Defendant.

Raymond PETRUNCIO, Plaintiff,

v.

CABOT CORPORATION, Defendant.

Alfred F. MATUSICK, Plaintiff,

v.

CABOT CORPORATION, Defendant.

Civ. A. Nos. 85–0936 to 85–0940
and 85–1267.

United States District Court,
M.D. Pennsylvania.

Nov. 18, 1985.

Anthony J. Miernicki, Nicholas M. Panko, Anthony J. Miernicki, P.C., Shenandoah, Pa., Jerry S. Cohen, Michael D. Hausfeld, Kohn, Milstein, Cohen & Hausfeld, Washington, D.C., Richard J. Lippes, Allen, Lippes & Shonn, Buffalo, N.Y., for plaintiffs.

Thomas E. Wood, Harrisburg, Pa., Tyson W. Coughlin, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for defendant; William S. Richardson, Reading, Pa., A. James Johnston, Post & Schell, Philadelphia, Pa., of counsel.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

Defendant has moved pursuant to Fed.R. Civ.P. 12(b) to dismiss plaintiffs' complaints. Plaintiffs, former employees of defendant, Cabot Corporation, brought this action against defendant for damages allegedly resulting from the contraction of berylliosis during their employment. The complaint is divided into four counts alleging (1) strict liability, (2) wanton and reckless conduct, (3) products liability and (4) intentional conduct. Defendant argues that this action is barred by the exclusive remedy provisions of the Pennsylvania Occupational Disease Act,[1] 77 P.S. § 1208 and the Workmen's Compensation Act, 77 P.S. § 481(a). Plaintiffs maintain that their action is not barred because it states a cause of action (1) under the intentional tort exception to the Workmen's Compensation Act and (2) under the dual capacity doctrine.

### II. *Background.*

Plaintiffs are former employees of Cabot Corporation and its predecessor Kawecki Berylco Industries and have been diagnosed as suffering from berylliosis. Plaintiffs contend that their condition is the direct result of having been exposed to beryllium while employed by defendant. Generally, plaintiffs allege that defendant was aware of dangers connected with the use of beryllium and failed to take appropriate safety measures to protect its employees. More specifically, they contend that defendants (1) were in violation of health and safety standards regarding the processing of beryllium, (2) failed to warn plaintiffs of the known health risks of beryllium and (3) ignored certain health and safety recommendations made by hired consultants.

### III. *Discussion.*

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), we must accept all allegations in the complaint as true, and construe the facts set forth in the light most favorable to plaintiff. *Gomez v.*

---

1. The Occupational Disease Act was incorporated into the Workmen's Compensation Act in 1972. See 77 P.S. §§ 411(2) and 481(a). Therefore, we will only refer to the Workmen's Compensation Act.

*Toledo,* 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572, 575 n. 3 (1980); *Jennings v. Shuman,* 567 F.2d 1213, 1216 (3d Cir.1977). With this in mind we will address the issues raised by defendant.

A. *The Intentional Tort Exception.*

■ Plaintiff asserts the complaint states a cause of action under the intentional tort exception. Defendant argues that the remedy provided in the Pennsylvania Workmen's Compensation Act is plaintiffs' exclusive remedy and that 1972 amendments to the Act eliminated the intentional tort exception. We disagree.

The Workmen's Compensation Act provides in pertinent part:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108. (footnotes omitted)

77 P.S. § 481(a).

Despite the apparent intent of this section to exclude other remedies, a narrow exception for intentional torts was carved out. In *Readinger v. Gottschall,* 201 Pa. Super. 134, 191 A.2d 694 (1963) an employee, who was attacked by his employer, was permitted to bring an action against his employer because intentional torts were not within the purview of the Workmen's Compensation Act. The continued validity of the *Readinger* exception was called into question when the Workmen's Compensation Act was amended in 1972.[2] Defendant, citing *Glendening v. United Parcel Service, Inc.,* 11 Phila. County Rptr. 246 (1984); *Hogey v. Morello Excavating Co.,* 28 D & C 3d 451 (1984), *Davis v. Dow Chemical Co.,* 24 D & C 3d 321 (1981),

contends that the 1972 amendments eliminated the intentional tort exception.

While we recognize that defendant's position has some merit, we find that the weight of authority supports the continued recognition of the intentional tort exception. At least one Pennsylvania appellate court has continued to apply this exception. In *Jones v. P.M.A. Insurance Co.,* 343 Pa. Super. 411, 495 A.2d 203 (1985), the court stated that "the exclusive protection provided by the [Workmen's Compensation] Act does not exclude a suit for an intentional tort." *Id.* at ——, 495 A.2d at 204. Additionally, several trial courts have recognized the exception. In *Getz v. Rohm & Haas,* No. 576 (C.P.Phila. County, Oct. 24, 1984) the court, after a lengthy discussion of the evolution of the intentional tort exception, found that the exception survived the 1972 amendments. *See also Schneider v. Rohm & Haas Co.,* 23 D & C 3d 428 (1982).

Consistent and strong support for the exception is found in the Third Circuit. This is illustrated by *Neal v. Carey Canadian Mines, Ltd.,* 548 F.Supp. 357 (E.D.Pa. 1982), *aff'd sub nom. Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481 (3d Cir.1985). In *Neal,* the defendant company hired a physician to examine its employees. The doctor informed the defendant that certain employees were suffering from asbestosis and advised that the employees be told about the risks. The defendant ignored the doctor's recommendations and eventually fired him after he urged that certain safety precautions be adopted. The Court found that under these circumstances plaintiffs could sue under the intentional tort exception. This rationale has been applied by other courts in this circuit. *See Kohr v. Raybestos-Manhattan, Inc.,* 626 F.Supp. 20 (E.D.Pa.1985); *Tysenn v. Johns-Manville Corp.,* 517 F.Supp. 1290 (E.D.Pa. 1981).

---

**2.** Prior to 1972, the Workmen's Compensation Act covered only "accidents" in the workplace. As amended, the Act's scope was expanded to

cover all injuries occurring in the course of employment. 77 P.S. § 411(1).

**B.** *The Specificity Requirement.*

Having concluded that the intentional tort exception survived the 1972 amendments we turn to defendant's argument that the complaint fails to state a claim under said exception. Defendant contends that this claim should be dismissed for failure to plead with the required specificity. Plaintiffs acknowledge the specificity requirement but nevertheless assert that they should be granted leave to file an amended complaint in the event we conclude that the complaint is insufficiently pleaded.

■ As defendant correctly points out, complaints attempting to state a cause of action under the intentional tort exception must be pleaded with specific facts. *Shelly v. Johns-Manville Corp.*, No. 82–2730 (E.D.Pa. Oct. 28, 1985); *Kohr, supra.* This requirement is similar to the strict pleading standard employed in civil rights actions and is designed to prevent the expansion of this narrow exception to the exclusive remedies provided in the Workmen's Compensation Act.

In order to survive the motion to dismiss, plaintiffs must demonstrate that the "employer desired to cause the injury or believed that the injury was substantially certain to result." *Kohr,* slip op. at 4–5. This burden can only be met by alleging facts which demonstrate this intent and can not be satisfied by alleging that the employer had a general awareness of hazardous conditions at the worksite. *Shelly* slip op. at 8.

■ Applying this standard, we conclude that plaintiffs' claims that defendant (1) acted wantonly and recklessly,[3] (2) failed to warn plaintiffs of the dangers of beryllium and (3) failed to abide by safety standards must be dismissed. These claims rise to nothing more than a claim that defendant was aware of a hazardous condition. *See Kohr, supra,* (claims substantially identical to these did not state a cause of action). Plaintiffs' claim that defendant hired a safety consultant whose recommendations were ignored cannot be dismissed as easily. We find that this claim is comparable to the one made in *Neal*[4] and *could* be sufficient to state a cause of action if pleaded with specific facts. Therefore, we will grant plaintiffs leave to file an amended complaint setting forth in detail the facts pertaining only to their claim that defendant ignored safety recommendations of the consultant. Allegations not related to this claim will not be considered.

**C.** *Dual Capacity Doctrine.*

■ Plaintiffs, relying upon *Tatrai v. Presbyterian University Hospital,* 497 Pa. 247, 439 A.2d 1162 (1982) are also attempting to assert claims for strict liability and products liability under the so-called "dual capacity doctrine." This doctrine was summarized in *Kohr v. Raybestos-Manhattan, Inc.,* 522 F.Supp. 1070, 1073 (E.D.Pa.1981) as follows:

[The] dual capacity theory states, with the advent of products liability, an employer, in its capacity as a manufacturer, owes an additional, and independent, legal obligation to its employees, as users of the employer-manufacturer's product, beyond that which it owes to its employees solely as a result of their employment relationship, and that additional obligation may give rise to product liability actions despite the exclusivity provisions of the Workmen's Compensation Act.

The facts of *Tatrai* are clearly distinguishable from the instant case. In *Tatrai,* the plaintiff became ill while at work and sought medical assistance in the emergency room of the defendant employer.

---

3. Allegations of wanton or reckless conduct are clearly insufficient to state a cause of action for intentional conduct.

4. As we previously noted in *Neal,* the court found that plaintiffs could sue their employer under the intentional tort exception where the employer ignored the recommendations of a physician hired by the employer to examine its employees and make safety recommendations. *See* also *Getz v. Rohm & Haas Co., supra,* (allegations similar to those in *Neal* sufficient to state a cause of action.)

While under the care of defendant she was injured and subsequently brought suit against the defendant. The court, noting that the emergency room was open to the public, concluded that her injury at defendant's hands was extraneous to her employment by the defendant, and that her action was not barred by the Workmen's Compensation Act. In the present case, defendant's business and plaintiff's claims are intimately related to each other. Plaintiffs were injured during the course of their employment and not under circumstances that originated or existed outside their employment. Thus there is no basis in this case for concluding that defendant acted in an additional and separate capacity from that of plaintiffs' employer. Plaintiff has cited no authority which supports extending *Tatrai* to the present case. To the contrary, *Tatrai* has been consistently limited to its facts. *See Weldon v. Celotex Corp.*, 695 F.2d 67 (3d Cir.1982); *Oyster v. Johns-Manville Corp.*, 568 F.Supp. 83 (E.D.Pa.1983); *Budzichowski v. Bell Telephone Co. of Pa.*, 503 Pa. 160, 469 A.2d 111 (1983). We will dismiss plaintiffs' claims for strict liability and products liability.

An appropriate order will be issued.