John CAMPBELL

v.

FIREMAN'S FUND INSURANCE COMPANIES.

Civ. A. No. 85–6062.

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1986.

Arthur L. Gutkin, Conshohocken, Pa., for John Campbell.

David P. Rovner, Philadelphia, Pa., for Fireman's Fund Ins. Companies.

MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendant, Fireman's Fund Insurance Companies, has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff John Campbell has failed to state a claim upon which relief can be granted.

In his complaint, Campbell alleges that on June 12, 1985, he suffered a heart attack and was admitted to a hospital for an electro-cardiogram. The hospital examination revealed that Campbell had a 90% occlusion of his right coronary artery. Because the attack occurred in the course of his employment in the Montgomery County Sheriff's Department, Campbell reported the incident to defendant, the workmen's compensation carrier for the Sheriff's Department. Plaintiff alleges that Michelle Ganges, an employee of the Fireman's Fund, ordered Campbell to undergo a cardiac catheterization or lose benefits to which plaintiff would be entitled through the Workmen's Compensation Act. On numerous occasions, Campbell objected to the procedure. After receiving more pressure from the insurance carrier, Campbell was admitted to a hospital for the catheterization. Once inside the hospital, however, Campbell again refused to have the procedure. Still being instructed that he would be denied benefits if he did not undergo the catheterization, Campbell became upset, distraught, and nervous. Finally, after Ganges allegedly became verbally abusive, Campbell submitted to the procedure.

Campbell alleges that defendant knew that the catheterization was dangerous and that a refusal to undergo the procedure could not be a basis for denying benefits. Despite that knowledge, defendant, so Campbell further alleges, continued to inflict stress on him. Campbell seeks recovery for intentional infliction of emotional distress. Alternatively, he seeks recovery for negligent infliction of emotional distress and negligent supervising and hiring of employees.

The Fund's motion to dismiss argues that the emotional injuries Campbell allegedly

274

suffered are remediable exclusively under the Pennsylvania Workmen's Compensation Act at 77 Pa.Stat.Ann. § 1 *et seq.* (1982). To assess that argument it will be necessary to consider the relevant provisions of the Act and the principal cases construing those provisions.

## I. The Pennsylvania Workmen's Compensation Act

### A. The Exclusivity Clause

The Pennsylvania Workmen's Compensation Act provides an exclusive remedy for employees who are injured in the course of their work.[1] 77 Pa.Stat.Ann. § 481. The Act supplants tort recovery with a comprehensive scheme of protection for Pennsylvania workers. The "exclusivity clause" states that:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees ... or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) [77 Pa.Stat. Ann. § 411(1) and (2)] or occupational disease as defined in section 108 [77 Pa. Stat.Ann. § 27.1].

77 Pa.Stat.Ann. § 481(a).

Because the Act entitles an employer's workmen's compensation carrier to all of the employer's immunities and protections, 77 Pa.Stat.Ann. § 501, a carrier is also protected from suit by the exclusivity clause. The legislature has provided procedures within the Act for handling accusations against carriers for the improper processing and payment of claims and particularly for unreasonable contests of claims. 77 Pa.Stat.Ann. §§ 991(d)(i), 996.

### B. The Intentional Tort Exception

Pennsylvania courts recognize an exception to the exclusivity rule. Where the infliction of an injury is deemed intentional, a plaintiff can recover in a separate tort action against an employer or insurer. In *Readinger v. Gottschall*, 201 Pa.Super. 134, 137–8, 191 A.2d 694, 696 (1963), the Pennsylvania Superior Court held:

> The ... theory that a deliberate assault is not within the purview of the act is in accord with the language of the Pennsylvania act as interpreted in our cases. If the injury is the result of an accident in the course of the employment, The Workmen's Compensation Act by its terms bars any recovery in trespass with certain exceptions. Nothing is said about an injury intentionally inflicted by the employer.... The word "accident" itself is nowhere defined in the act but its language, covering only injury or death "by an accident" indicates no intention that deliberate injury to an employee by his employer is intended to be covered.

Recently, in *Jones v. P.M.A. Insurance Co.*, 343 Pa.Super. 411, 495 A.2d 203 (1985), the Superior Court was confronted with a claim against an insurance carrier for intentional infliction of emotional distress. Relying on *Readinger v. Gottschall*, the court stated that "the exclusive protection provided by the Act does not exclude a suit for an intentional tort." *Id.* at 414, 495 A.2d at 204.

## II. Plaintiff's Claims

### A. Claims for Intentional Conduct

■ When ruling on defendant's 12(b)(6) motion, a court must accept as true all

---

1. Of course, where an injury is not work-related as contemplated by the Act, *see* 77 Pa.Stat.Ann. § 411(1) and (2), a plaintiff is not limited to the Workmen's Compensation Act for recovery. *See,* for example, *Pirocchi v. Liberty Mutual Insurance Company*, 365 F.Supp. 277 (E.D.Pa. 1973) (plaintiff permitted to proceed in tort against carrier which destroyed plaintiff's third-party claim by negligently losing critical piece of evidence); *see also* 2A Larson, *Workmen's Compensation Law* 68.34 (1985) (discussing *Unruh v. Truck Insurance Exchange*, 7 Cal.3d 616, 102 Cal.Rptr. 815, 498 P.2d 1063 (1972), as example of factual situation in which California

was not willing to limit recovery to workmen's compensation). However, plaintiff's alleged emotional injury, arising out of a catheterization following plaintiff's workplace heart attack, would appear to be a work related injury under Pennsylvania law. *See Jones v. P.M.A. Insurance Co.*, 343 Pa. Super. 411, 495 A.2d 203 (1985) (discussing emotional injury allegedly occurring to plaintiff when insurance company attorney, in plaintiff's presence, advised plaintiff's attorney that latter's presence was overriding obstacle to payment of plaintiff's compensation claim).

allegations in the complaint and must construe the complaint in a light most favorable to plaintiff. *Gomez v. Toledo*, 446 U.S. 635, 636 n. 3, 100 S.Ct. 1920, 1921 n. 3, 64 L.Ed.2d 572 (1980); *Jennings v. Shuman*, 567 F.2d 1213, 1216 (3d Cir.1977). In the present case, however, even under this liberal standard, plaintiff fails to satisfy the requirements of a well pleaded complaint.

Plaintiff's complaint does not properly state a cause of action for intentional infliction of emotional distress. Plaintiff alleges that when he reported his heart attack to the Fund, the Fund's agent requested that he undergo a cardiac catheterization or lose workmen's compensation benefits. However, plaintiff does not plead any facts to demonstrate that the Fund's agent acted with the requisite intent to harm plaintiff. Therefore, defendant's motion to dismiss count 1 for intentional infliction of emotional distress must be granted. Plaintiff is not barred from filing an amended complaint which alleges facts sufficient to state a cause of action for an intentional tort.

### B. Claims for Negligent Conduct

Allegations of negligence or wanton or reckless conduct are not sufficient to protect a claim from the preemptive effect of the exclusivity clause. *Koslop v. Cabot Corp.*, 622 F.Supp. 222, 225 n. 3 (M.D.Pa. 1985). Only intentional conduct will suffice. Because plaintiff's negligence claims are subject to the Act's exclusivity clause, defendant's motion to dismiss counts 2 and 3 is granted.

An appropriate order follows.

### ORDER

For the reasons stated in the attached memorandum, it is hereby ORDERED and DIRECTED that defendant's motion to dismiss is GRANTED. Plaintiff is granted leave to amend count one of the complaint within thirty (30) days of the entry of this Order.