### Haefner v. Steward

*Richard Haefner,* in propria persona.

*Kenneth A. Rapp,* for defendants.

STENGEL, *J.,* February 17, 1993—In this defamation action, Dr. Richard Haefner seeks to recover against the Lancaster-Lebanon Intermediate Unit 13, its director and one of its teachers. The alleged offending statement was made by Monica Steward, who apparently told several people, "Mr. Haefner assaulted I.U. 13 staff. The I.U. is preparing to bring charges of assault against him." (Third amended complaint at para. 7.)

The case against Ms. Steward is based on her statement, its "publication" and on the absence of any privilege or immunity. The case against Dr. Sherr is on a novel theory of "ratified defamation" or "defamation by ratification" or on some general notion of respondeat superior. The case against the I.U. 13 is, essentially, that the agency is responsible because the teacher, Ms. Steward, worked there.

Plaintiff seeks damages for defamation and for intentional infliction of emotional distress. He also seeks punitive damages.

Defendants Steward, Sherr and I.U. 13 filed preliminary objections asserting (1) governmental immunity under the Political Subdivision Tort Claims Act,

42 Pa.C.S. §8541 et seq.;[1] (2) the common law defenses of absolute and qualified immunity; and (3) the failure to state a cause of action for defamation against Dr. Sherr for failure to include an allegation of "publication."

I.U. 13 is immune from suit under the Political Subdivision Tort Claims Act. That governmental immunity statute precludes liability of local agencies unless the allegedly injurious act falls within one of the eight exceptions set forth in section 8542(b)(2).[2] A "local agency" is defined in the statute as "[a] government unit other than the Commonwealth government ... includ[ing] an intermediate unit." 42 Pa.C.S. §8501. Clearly, the I.U. falls within this definition of a local agency.

The statute provides immunity to the intermediate unit and no exception provided in 42 Pa.C.S. §8542(b) covers I.U. 13 in this case.

---

1. Although Pa.R.C.P. 1030 provides in pertinent part that "[a]ll affirmative defenses including but not limited to ... immunity from suit ... shall be pleaded in a responsive pleading under the heading 'New Matter,' " the affirmative defense of governmental immunity may be raised by preliminary objections in the nature of a demurrer where that defense is apparent on the face of the pleading and the opposing party has not filed preliminary objections to the preliminary objections raising privilege and immunity from suit. *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 629, 584 A.2d 403 (1990). See also, *Factor v. Goode,* 149 Pa. Commw. 81, n.2, 612 A.2d 591, n.2 (1992). No preliminary objections have been filed by plaintiff here.

2. These eight exceptions are: (1) operation of any motor vehicle, (2) care, custody or control of personal property, (3) care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody or control of wild animals.

In *Goralski v. Pizzimenti,* 115 Pa. Commw. 210, 218, 540 A.2d 595, 599 (1988), the Commonwealth Court, in sustaining a school district's motion for a compulsory nonsuit on the grounds of governmental immunity, stated that it was "abundantly clear that appellants' defamation action falls within none of the eight enumerated exceptions ... of the Political Subdivision Tort Claims Act." See also, *Malia v. Monchak,* 116 Pa. Commw. 484, 543 A.2d 184 (1988).

The claim for intentional infliction of emotional distress is grounded in the same facts, i.e., an alleged defamatory statement made by Ms. Steward and "ratified" by Dr. Sherr which injured plaintiff. It appears that the acts upon which liability is predicated in this case do not fall into any of the eight classes of exceptions to the general rule of immunity. Moreover, the Pennsylvania courts have held that the exceptions to the rule of immunity must be narrowly interpreted to carry out the legislative intent of insulating local governmental agencies from liability, as expressed in the preamble of the act. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

Pennsylvania courts have consistently rejected arguments that claims involving negligent supervision, failure to supervise or negligent policies and procedure fall within an exception to immunity. See *Mascaro,* 514 Pa. at 362, 523 A.2d at 1124. Similarly, claims for failure to properly train, hire or employ workers have been held by the courts to be barred by governmental immunity. See *Farber v. Pennsbury School District,* 131 Pa. Commw. 642, 571 A.2d 546 (1990); *Prescott v. Philadelphia Housing Authority,* 124 Pa. Commw. 124, 555 A.2d 305 (1989).

Plaintiff's complaint on its face fails to state a claim upon which relief can be granted to plaintiff as against

the I.U. For these reasons, I.U. 13's demurrers to the defamation, intentional infliction of emotional distress and punitive damages claims will be sustained.

The Political Subdivision Tort Claims Act also contains provisions dealing with the subject of official immunity. Section 8545 provides that an employee of a local agency, acting within the scope of her official duties, is subject to liability for her negligent conduct only to the extent that her employing local agency would be. This protection is restricted, however, by section 8550, which states that a local agency's immunity shall not protect employees against acts that are *judicially determined* to be a crime, actual fraud, actual malice, or willful misconduct.

If Ms. Steward and Dr. Sherr are entitled to immunity under section 8545, the alleged wrongful conduct must fall within the scope of their duties or be reasonably related to their duties.

Dr. Sherr's actions as described in the complaint were squarely within the scope of his authority. Plaintiff specifically alleges that Dr. Sherr had knowledge that the statements made by Ms. Steward were untrue when he, through his attorney, sent plaintiff a letter supporting the actions of Ms. Steward and that this alleged wrongful act by Dr. Sherr was outside the scope of his authority. (See third amended complaint at paras. 13, 16 and 24.) These allegations, however, are merely conclusions. No underlying facts were pleaded which, if proven, would establish nor would infer that the actions of Dr. Sherr were outside the scope of his authority. To the contrary, the well-pleaded facts support the contention that referral of a legal matter to counsel for I.U. 13 was properly within the scope of duties for an executive director of I.U. 13.

In fact, this letter from the attorney for I.U. 13 was a communication in response to a threatened legal proceeding. Plaintiff's letter of January, 9, 1992 to Dr. Sherr, attached to the first amended complaint as Exhibit "A," stated in pertinent part:

"Unless I hear from you in writing within five days of the date of this letter, I will assume that you concur with and support Ms. Monica Stewart (sic) in her accusation made on December 3, 1991 in the office of the West Lampeter Township police that I have committed the crime of assault upon I.U. 13 personnel. I consider the statement made to be slanderous and damaging to my good name and reputation...."

Plaintiff clearly requested a response from Dr. Sherr to the alleged statements attributed to Ms. Steward. Dr. Sherr quite logically and responsibly referred the matter to legal counsel for I.U. 13. After a review of the facts, counsel responded in writing setting forth the position of I.U. 13 relative to the claims of plaintiff:

"Dr. Sherr has asked that I respond to your recent communications demanding an apology from Monica Steward. I have looked into this matter and I can determine no actions on Ms. Steward's part which would warrant an apology. The Intermediate Unit fully backs Ms. Steward and concurs in this assessment. Thus, no apology will be forthcoming."[3]

---

3. This letter, referred to in plaintiff's third amended complaint as Exhibit "B," was not attached to the original pleading filed with the prothonotary. For purposes of ruling on defendants' preliminary objections, the court referred back to the first amended complaint in the prothonotary's file, which did contain a photocopy of a letter dated January 16, 1992, from Harry St.C. Garman, Esq., to plaintiff which referenced the matters which are the subject of this lawsuit. The fact that defendants did not include in their preliminary objections a motion to strike for failure to include a writing leads this court to believe that defendant's copy of the third amended complaint did include Exhibit "B."

Plaintiff's third amended complaint establishes that Dr. Sherr was acting within the scope of his authority when he responded through legal counsel to plaintiff's proposed legal action. Therefore, Dr. Sherr is entitled to the official immunity extended to governmental employees under section 8545.

The only possible exception to immunity for Dr. Sherr would be if his conduct was wanton, malicious or intentional. All Dr. Sherr did was review a situation and authorize the attorney for I.U. 13 to respond to plaintiff's letter. The attorney indicated to plaintiff that no apology would be forthcoming for the alleged defamatory comments made by Ms. Steward. On the face of the complaint, there is no fact which would even suggest that Dr. Sherr was acting with malice towards plaintiff or with any intent to harm plaintiff. Therefore, there is no exception to the immunity for Dr. Sherr by virtue of any "willful misconduct."

Finally, and for the sole purpose of addressing each of Dr. Sherr's major arguments, there is no indication that Dr. Sherr did anything to "publish" the statement attributed to Ms. Steward. The element of publication is essential for any defamation action. See 42 Pa.C.S. §8343(a); see also, *Goralski v. Pizzimenti, supra* at 213-14, 540 A.2d at 597. The entire case against Dr. Sherr arises from a letter sent by counsel for I.U. 13. There is no averment that this letter was published to any third person.

The theory of vicarious liability against Dr. Sherr for the statements attributed to Ms. Steward also fails. In Pennsylvania a principal may be held vicariously responsible for the acts of his agent only where the principal controls the manner of performance and the result of the agent's work. *Strain v. Ferroni,* 405 Pa. Super. 349, 361, 592 A.2d 698, 704 (1991). The right

to supervise, even as to the work and the manner of performance, is not sufficient. *Strain* at 361, 592 A.2d at 704, citing *Yorston v. Pennell,* 397 Pa. 28, 39, 153 A.2d 255, 259-60 (1959).

Plaintiff's third amended complaint is devoid of any indication that Dr. Sherr exercised any control over Ms. Steward. Therefore, this court will not hold Dr. Sherr vicariously responsible for the actions allegedly taken by Ms. Steward outside the scope of her official authority.

The tort of intentional infliction of emotional distress is an actionable wrong for conduct which is "of an extreme or outrageous type." *Banyas v. Lower Bucks Hospital,* 293 Pa. Super. 122, 126, 437 A.2d 1236, 1238 (1981) (quoting *Jones v. Nissembaum Rudolph & Seidner,* 244 Pa. Super. 377, 383, 368 A.2d 770, 773 (1976)); Restatement (Second) of Torts, §46 (1965). An out-of-court communication which is sent to opposing counsel is privileged absolutely and "immune from financial liability even if his statement is a knowing and malicious falsehood." *Post v. Mendel,* 336 Pa. Super. 467, 476, 485 A.2d 1176, 1181 (1984).

With respect to the tort of intentional infliction of emotional distress, the Restatement similarly states that "[t]he conduct, although it would otherwise be extreme and outrageous, may be *privileged* under the circumstances." Restatement (Second) of Torts, §46, comment g. (emphasis added) When this standard is applied to the instant case, we conclude that the alleged "ratifying" communication by counsel for I.U. 13 to plaintiff is privileged absolutely. Clearly, that letter cannot form the basis of a cause of action of intentional infliction of emotional distress against Dr. Sherr. See *Thompson v. Sikov,* 340 Pa. Super. 382, 490 A.2d 472 (1985).

For the reasons set forth above, Dr. Sherr's demurrers to the defamation, intentional infliction of emotional distress and punitive damages claims set forth in plaintiff's third amended complaint will be sustained.

As an employee of I.U. 13, Ms. Steward is entitled to immunity for her conduct so long as it took place within the course and scope of her employment. In this case, Ms. Steward was acting as an employee of I.U. 13, was on I.U. 13 business concerning a student and was attending a meeting at the police station involving a student. Dr. Haefner had been invited to that meeting on behalf of the student and it was during that session when the alleged defamation took place.

However, the immunity enjoyed by Ms. Steward does not apply in the case of "willful misconduct." Section 8550 of the Political Subdivision Tort Claims Act provides that immunity does not apply in an action against an employee of a local agency where "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malicious or willful misconduct."... 42 Pa.C.S. §8550. Our Commonwealth Court has held that the term "willful misconduct" in the context of governmental immunity is synonymous with "intentional tort." The torts in this case are defamation and the intentional infliction of emotional distress, both of which are considered intentional torts under our law. See *Factor v. Goode,* 149 Pa. Commw. 81, 612 A.2d 591 (1992), citing *King v. Breach,* 115 Pa. Commw. 355, 540 A.2d 976 (1988). See also, *Lancie v. Giles,* 132 Pa. Commw. 255, 572 A.2d 827 (1990) (police officers charged with intentional infliction of emotional distress not entitled to official immunity).

For purposes of ruling on these preliminary objections, the court must accept as true the averments of

the complaint. Dr. Haefner contends, in his complaint, that Ms. Steward said something false about him, that she knew the statement was false and that she uttered the statement to cause him harm. For purposes of these preliminary objections, these facts describe "willful misconduct" and are sufficient to remove Ms. Steward from the shield of official immunity. For these reasons, her demurrer based on the immunity provided by the Political Subdivision Tort Claims Act will be denied.

With respect to punitive damages, all three defendants have filed demurrers. The immunity provided by the Political Subdivision Tort Claims Act applies as to I.U. 13 and Dr. Sherr. Further, the act limits the amount of damages which may be recovered against a local agency and these damages do not include punitive damages. 42 Pa.C.S. §8553.

In a defamation action, punitive damages may be recovered where the conduct of the defendant has been outrageous or constitutes actual malice. No facts in plaintiff's first, second or third amended complaints support a finding of actual malice or outrageous conduct. Although the statement made by Ms. Steward may well be "willful misconduct," the statement does not rise to the level of outrageous or malicious. For these reasons, Ms. Steward's demurrer to the punitive damages claim will be sustained.

Finally, the court notes that plaintiff seeks the recovery of attorney's fees in the last paragraph of his complaint. Nowhere in our law is there a provision for recovery of attorney's fees in a case of this nature. Nor has plaintiff cited the court to any case where he might even possibly be entitled to attorney's fees.

The claim for attorney's fees is especially interesting and instructive. Plaintiff is proceeding pro se. This

means he is representing himself. His claim for attorney's fees would require, at a minimum, that plaintiff has incurred expense in hiring an attorney. At best, the claim for attorney's fees is without any merit at all. The claim for attorney's fees will, therefore, be stricken as well.

Accordingly, we enter the following

## ORDER

And now, February 17, 1993, upon consideration of defendants' preliminary objections, the briefs filed by the parties and the arguments of counsel, it is hereby ordered as follows:

(1) The preliminary objections of Lancaster-Lebanon Intermediate Unit 13 in the nature of demurrers are sustained and Lancaster-Lebanon Intermediate Unit 13 is hereby dismissed from the above-referenced matter;

(2) The preliminary objections of Dr. Richard Sherr in the nature of demurrers are sustained and Dr. Sherr is hereby dismissed from the above-referenced matter;

(3) The preliminary objection of Monica Steward in the nature of a demurrer to plaintiff's claim for punitive damages is sustained;

(4) The remaining preliminary objections of Monica Steward are denied;

(5) Plaintiff's claim for attorney's fees will be stricken; and

(6) Defendant Monica Steward shall file an answer to the complaint within 20 days from the date of this order.