489 A.2d 875

**Vincent CUNNINGHAM and Deborah Marcus, Appellants,**

v.

**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, A SUBSIDIARY OF PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.**

Superior Court of Pennsylvania.

Argued July 23, 1984.

Filed March 8, 1985.

Petition for Allowance of Appeal Denied July 25, 1985.

Allen L. Feingold, Philadelphia, for appellants.

Charles W. Craven, Philadelphia, for appellee.

Before SPAETH, President Judge, and WICKERSHAM, BROSKY, WIEAND, CIRILLO, DEL SOLE, MONTEMURO, JOHNSON and POPOVICH, JJ.

WIEAND, Judge:

Vincent Cunningham, the insured operator of a motor vehicle, and Deborah Marcus, a passenger, were injured in a one car accident. Alleging that they had been forced off the road by an unknown motorist who did not stop, Cunningham and Marcus submitted uninsured motorist claims to Cunningham's insurance carrier, Prudential Property and Casualty Insurance Company (Prudential). In a complaint filed in assumpsit, the claimants alleged that Prudential had breached the arbitration clause in its policy by failing, upon demand, to appoint an arbitrator. Because Prudential breached its agreement to arbitrate, claimants contended, the insurer became liable to them in damages. Those damages, they alleged, were the same as and were to be measured by the damages which might have been recovered against the alleged but unidentified third party tortfeasor. Their right to recover damages for their personal injuries, they contended, depended solely upon proof that Prudential had breached its contract by failing to make timely appointment of an arbitrator. Prudential filed preliminary objections which included a demurrer to the complaint. The trial court sustained the demurrer and dismissed the complaint without prejudice to claimants' right to commence an action to compel arbitration. Claimants appealed. We affirm.

█ Initially, it is necessary to address Prudential's motion to quash the appeal on grounds that the trial court's order is not final and, therefore, not appealable. Because appellants have not been precluded from pursuing their claim before arbitrators, it is argued, they have not been put out of court. Although the argument appears to have superficial appeal, closer examination reveals its lack of merit. Appellee's argument fails to recognize that the

cause of action alleged by appellants, i.e., that they are entitled to be compensated for their personal injuries because Prudential failed to make a timely appointment of an arbitrator, has been decided finally. On the cause of action which appellants alleged in their complaint, they are out of court. It is true, of course, that they may have a separate cause of action to compel Prudential to arbitrate the merits of an asserted claim for uninsured motorist benefits under the policy of insurance. On their attempt to connect their personal injuries causally to Prudential's alleged refusal to arbitrate, however, they are out of court. The trial court has held that claimants' personal injuries are not related causally and damages therefor cannot be collected from Prudential merely because it refused to appoint an arbitrator to determine the validity of appellants' uninsured motorist claims. This is an order which is final and appealable. Cf. *Board of Education v. Philadelphia Federation of Teachers, Local No. 3,* 464 Pa. 92, 95–96 n. 2, 346 A.2d 35, 37 n. 2 (1975) (order final and appealable where it sustained demurrer to complaint in equity and directed case to arbitration).

Preliminary objections in the nature of a demurrer admit as true all well pleaded, factual averments and all inferences fairly deducible therefrom. *Klein v. Raysinger,* 504 Pa. 141, 144, 470 A.2d 507, 508 (1983). Conclusions of law, however, are not admitted by a demurrer. *Consumers Education and Protective Association v. Nolan,* 470 Pa. 372, 379, 368 A.2d 675, 679 (1977). It is in this light that the complaint must be examined to determine whether it sets forth a cause of action which, if proved by the plaintiff, would entitle him to the relief he seeks. *Rose v. Wissinger,* 294 Pa.Super. 265, 270, 439 A.2d 1193, 1196 (1982), quoting *Sinn v. Burd,* 486 Pa. 146, 149–150, 404 A.2d 672, 673–674 (1979). If the plaintiff does set forth a cause of action on which he is entitled to relief upon proof, the demurrer cannot be sustained. *Id.* Conversely, a preliminary objection in the nature of a demurrer is properly sustained where the complaint has failed to set forth a cause of action. *Id.* See also: *Rubin v. Hamot Medical Center,* 329 Pa.Super.

439, 441, 478 A.2d 869, 870 (1984); *Greenspan v. United Services Automobile Association,* 324 Pa.Super. 315, 318–321, 471 A.2d 856, 857–858 (1984).

Prudential's policy contained an arbitration clause as follows:

> The actual amount we'll pay under this part of the policy will be determined by agreement between the insured person and us. If no agreement can be reached, the matter will be submitted for arbitration according to the provisions of the Pennsylvania Arbitration Act of 1927. Upon written demand of either party, each party will select an arbitrator. If the two arbitrators can't agree on a third arbitrator within 30 days, at the request of either party, the court will appoint a third arbitrator. Within a reasonable time after selection of the third arbitrator, the arbitrators will decide the matter in question. The decision in writing of any two of the three arbitrators will be binding on both parties. Each party will pay its own arbitrator and will share equally the cost of the third arbitrator and the cost of the arbitration. Lawyers' fees and fees paid to medical or other expert witnesses aren't considered to be costs of arbitration. These fees are paid by the party incurring them. Unless the parties agree on some other location, the arbitration will take place in the county where the insured person lives and according to the usual court rules of procedure and admission of evidence.

This provision is clear. Uninsured motorist claims, if agreement cannot be reached by the parties, must be submitted to statutory arbitration. Recovery against Prudential cannot be had under its policy unless there has been (1) agreement or (2) arbitration. These are conditions precedent to each appellant's right to be compensated according to the uninsured motorist feature in Prudential's policy. Without prior compliance with one or the other, Prudential cannot be made to pay an uninsured motorist claim. In the instant case, the averments of the complaint disclose that there has been neither agreement nor arbitration with respect to appellants' claims.

"It is the policy of the law to favor the settlement of disputes by arbitration and to promote the swift and orderly disposition of claims." *Children's Hospital of Philadelphia v. American Arbitration Association,* 231 Pa.Super. 230, 234, 331 A.2d 848, 850 (1974). See also: *Allegheny Home Improvement Corp. v. Franklin,* 308 Pa.Super. 225, 230, 454 A.2d 103, 105 (1982). Therefore, "court proceedings should not be read into the agreement to arbitrate. ... The arbitration clause ... indicates that the parties contemplated one method, and one method only, for the resolution of disputes under [the uninsured motorist coverage]. That method was arbitration and all such disputes [must] be so decided." *National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 185, 236 A.2d 758, 760–761 (1968). Arbitration, it seems clear, is a condition precedent to recovery of uninsured motorist benefits under the policy of automobile insurance issued by Prudential. This condition has not occurred. Therefore, appellants complaint fails to state a cause of action.

If a party to an arbitration agreement refuses to submit a dispute to arbitration, a court will order the parties to proceed to arbitration. 42 Pa.C.S. § 7304(a). Alternatively, some courts have held that an insurer's breach of an agreement to arbitrate constitutes a waiver by the insurer of the arbitration requirement. See: *Jacobs v. Detroit Automobile Inter-Insurance,* 107 Mich.App. 424, 430, 309 N.W.2d 627, 630 (1981); *Kelley v. Citizens Mutual Insurance Co.,* 19 Mich.App. 177, 181, 172 N.W.2d 537, 540 (1969); *Collicott v. Economy Fire & Casualty Co.,* 68 Wis.2d 115, 119, 227 N.W.2d 668, 671 (1975). Under these decisions, the effect of such a waiver is to permit the insured to litigate the merits of his claim in a court of law. However, the waiver does not create a new cause of action against the insurer in which the validity of the insured's claim is conclusively presumed and the only defense available to the insurer is proof that it has not breached its agreement to arbitrate. The courts in Pennsylvania, moreover, have not followed this practice. See: *National Grange Mutual Insurance Co. v. Kuhn, supra.* When the

parties have agreed to resolve all disputes by arbitration, arbitration is the procedure which must be followed. *Id.*[1]

■ After the alternatives available to the claimants have been fully explored, it is eminently clear that those alternatives do not include an action at law for breach of an agreement to arbitrate in which the insurer is conclusively presumed to be liable to pay an uninsured motorist claim without regard for the merits thereof. Our research has disclosed no instance in which a court has held that the consequence of a refusal to submit a disputed claim to arbitration is liability on the disputed claim. That is the cause of action asserted by claimants in this action; and that is the cause of action we reject.[2]

Order affirmed.

1. We do not now decide that there can be no circumstances under which a party may be allowed to recover special damages because of another party's refusal to arbitrate. In the absence of special circumstances, however, damages will likely be nominal. It is difficult to comprehend in what manner a party can be damaged by another's failure to arbitrate when the former has available to him the means by which to compel arbitration. See: *Cities Service Co. v. Gardinier,* 344 A.2d 254 (Del.Super.Ct.1975), *appeal dismissed on other grounds,* 349 A.2d 744 (Del.Sup.Ct.1975).

2. We are advised that Prudential appointed an arbitrator prior to the trial court's order sustaining preliminary objections to the complaint and is agreed to arbitrate appellants' claims, although it strenuously denies any liability therefor.