521 A.2d 49

**Joann ROSIPAL, an Individual, Appellee,**

**v.**

**MONTGOMERY WARD, a Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1986.

Filed Feb. 12, 1987.

Louis C. Long, Pittsburgh, for appellant.

Kenneth A. Roos, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and JOHNSON, JJ.

CAVANAUGH, Judge:

In this case, the appellee, Joann Rosipal, was allegedly injured on the job while an employee of the appellant, Montgomery Ward. The appellant filed a notice of compensation payable and initiated wage indemnity payments. Subsequently, the appellant filed a petition for termination of compensation under the Workmen's Compensation Act. The petition was supported by a physician's affidavit of recovery. Following several hearings before a workmen's

compensation referee, the referee held that the appellee had sustained a work related injury and her compensation benefits were reinstated.

The appellee then commenced a civil action in Allegheny County alleging economic duress, intentional infliction of emotional distress, procuring a "false, fraudulent and perjured affidavit" and breach of compensation agreement. The appellant filed preliminary objections in the nature of a demurrer which were dismissed by the court below. The court refused to certify the interlocutory order to this court. On March 14, 1986, this Court granted the appellant's petition for review which permits us to consider the merits of the underlying appeal. *Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981).

The Pennsylvania Workermens' Compensation Act, 77 Pa.C.S. § 481, provides that the "liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees ..." The Act further provides in § 511 that payment of compensation is not required after disability shall cease. It is further provided in § 772:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.

The appellant complied with the statute in petitioning to have the compensation terminated. If there were a defense to the petition to terminate, the appellee had the opportunity to raise it in the proceedings before the referee and, in fact, she did prevail.

The Workmens' Compensation Act covers all injuries and the exclusivity clause in 77 Pa.C.S. § 481 bars all civil actions flowing from work related injuries. *Kline v. Arden H. Verner Co.*, 503 Pa. 251, 469 A.2d 158 (1983); *Christ-*

*man v. Dravo Corp.*, 319 Pa.Super. 378, 466 A.2d 209 (1983).[1] The court below in overruling the appellant's demurrer, concluded that the appellee's claim "did not arise from an employment related accident such as would be covered by the Workmen's Compensation Act." [2] We disagree with this analysis as the underlying factor in the present action is the alleged injury suffered by the employee while she was acting as a security guard. In the absence of the injury, there would have been no workmen's compensation proceedings out of which the instant civil action arose.

We turn our attention to the issue of whether the complaint filed below set forth a cause of action. Preliminary objections in the nature of a demurrer admit as true all well pleaded factual averments and all inferences fairly deducible therefrom, but not conclusions of law. It is in this light that the complaint must be examined to determine whether it sets forth a cause of action which, if proved by the appellee, would entitle her to the relief she seeks. A preliminary objection in the nature of a demurrer is properly sustained where the complaint has failed to set forth a cause of action. *Cunningham v. Prudential Property & Casualty Insurance Co.*, 340 Pa.Super. 130, 489 A.2d 875 (1985).

1. In *Higgins v. Clearing Machine Corp.*, 344 Pa.Super. 325, 496 A.2d 818 (1985) we noted in footnote 5 that the issue as to whether an employer is insulated by the Workmen's Compensation Act from intentional, wanton and wilful misconduct to be unsettled in this Commonwealth. However, in a decision by the Court of Common Pleas of Allegheny County, *Pingieleski v. United Parcel Service,* 133 Pittsburgh L.J. 342 (1985) affirmed per curiam, 344 Pa.Super. 325, 508 A.2d 346 (1986) it was held that even if it is alleged that an injury was intentionally caused by the employer, the injury would be compensable solely under the Workmen's Compensation Act.

2. The court below relied on the case of *Reed v. Hartford Accident and Indemnity Co.,* 367 F.Supp. 134 (E.D.Pa.1973) as being analogous to our case. The *Reed* case is not applicable as it involved a claim by an *employee* against his employer's *insurance carrier.* The court noted at 367 F.Supp. 135: "This present action is based on Hartford's alleged independent intentional torts and breach of their agreement, *unrelated to Reed's employment* ... [T]his is a completely independent cause of action, arising out of the relationship between insured and insurer *qua* insurer."

The Complaint alleged in Count I that the appellant caused her "economic duress" by intentionally and knowingly terminating workmen's compensation benefits.[3]  Count II alleged that the appellant intentionally and knowingly terminated workmen's compensation benefits to the appellee in order to cause her extreme and severe and emotional distress.[4]  Count III alleges that the appellant wilfully and maliciously caused a "false, fraudulent and perjured affidavit" to be taken to the Petition to Review Nature of Compensation Agreement.  Finally, Count IV alleged that the appellant breached the compensation agreement.  All of these allegations relate to the workmen's compensation proceedings in which the appellant followed the procedure set forth in the Act.  It is not claimed that the appellant failed to comply with the provisions of the Workmen's Compensation Act, nor that it failed to pay all of the benefits it was required to under the Act.  The appellee has failed to state a cause of action in her complaint as all of the allegations have as the ultimate basis an injury compensable under the Workmen's Compensation Act and her claims must be considered within the framework of the Act. It is the duty of the plaintiff to set forth the material facts

3. Appellee alleged in paragraph 18 of her complaint:

18. On August 8, 1983, MONTGOMERY WARD AND Aetna filed a petition for Termination of Compensation alleging that the claimant fully recovered from the injury on July 25, 1983.  An automatic supersedeas was invoked as a physician's affidavit of recovery accompanied this Petition.

4. The Workmen's Compensation Act provides for improper suspension of benefits and provides:

§ 774.1. *Improper suspension, etc. of payments; penalty*

Any insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement therefor as provided in section 408,[1] or a final receipt as provided in section 434,[2] or without filing a petition and either alleging that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition or having requested and been granted a supersedeas as provided in this section, shall be subject to penalty as provided in section 435.

on which the cause of action is based and no cognizable cause of action has been set forth in this complaint. See Pa.R.C.P. 1019. It is not the duty of this court to construct a cause of action for the plaintiff.

Order reversed. The appellant's demurrer is sustained and the complaint is dismissed.

JOHNSON, J., files a dissenting opinion.
Before CAVANAUGH, WIEAND and JOHNSON, JJ.

JOHNSON, Judge, dissenting:

I cannot agree with the majority opinion. The trial court correctly dismissed the preliminary objections in the nature of a demurrer raised by appellant Montgomery Ward. The exclusive protection provided by the Workman's Compensation Act to employers from an employee's suit for injury arising in the course of employment does not exclude suit by the employee for an intentional tort. In *Jones v. P.M.A. Insurance Co.*, 343 Pa.Super. 411, 495 A.2d 203 (1985), we upheld the continuing validity of the holding in *Readinger v. Gotschall*, 201 Pa.Super. 134, 191 A.2d 694 (1963), which allows such actions. The injury of which appellee Rosipal complains is not to her physical condition but to her legal rights under the Workman's Compensation Act, 77 P.S. § 1 *et seq.* An injury to legal rights does not arise out of, and in the course of, employment. It is an independent injury. I agree with the majority of jurisdictions which hold an intentional tort of this nature to give rise to an independent cause of action. *See generally;* 2A Larson Workman's Compensation § 68.32(b) and the cases cited therein. Accordingly, I dissent.

Rosipal was injured on her employer's premises on February 7, 1983. The alleged tortious actions at issue in this litigation first occurred on April 18, 1983. On that date Montgomery Ward and Aetna Insurance Company filed a Petition for Termination of Compensation alleging that Rosipal had filed a fraudulent compensation claim.

The Pennsylvania Workmen's Compensation statute, as amended in 1972, provides:

> [E]very employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in *the course of his employment*, and such compensation shall be paid in all cases by the employer, without regard to *negligence* ...

77 Pa.C.S. § 431. (emphasis added). Furthermore, 77 Pa. C.S. § 411 provides in part that,

> **§ 411. "Injury," "personal injury," and "injury arising in the course of his employment" defined**
>
> The term "injury arising in the course of his employment,".... shall include all other injuries sustained *while the employee is actually engaged in the furtherance of the business or affairs of the employer*, whether employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or *by the operation of the employer's business or affairs* thereon, sustained by the employee, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.
>
> (emphasis added)

77 Pa.C.S. § 411.

This action did not arise in the course of Rosipal's employment. The argument that an employee is actually engaged in the furtherance of the business or affairs of the employer as a result of being the object of an intentional tortious injury contravenes sound reason. "(H)armful conduct is considered more reprehensible if intentional.... Even a dog distinguishes between being stumbled over and being kicked." O.W. Holmes, the Common Law 3 (1881).

The majority holds that Rosipal's present litigation is barred by the exclusivity of the Act: Had she not been an employee of Montgomery Ward, she would not have filed this action, i.e., "but for" her previous employment, the

present litigation would not have ensued. This is a proximate cause test. Modern authorities reject the application of proximate cause to Worker's Compensation Law. 1 Larson Workman's Compensation § 6.60. As a legal concept, proximate cause is founded in causation. The beginning of proximate cause is always an act from which there are consequences. In Workman's Compensation Law, the beginning point is not an act but a *condition*, i.e., employment, out of which the event arises; accordingly, the operative criterion is a connection with employment. The injury Rosipal suffered on February 7, 1983 falls within this category. It *is* an injury for which the Workman's Compensation Act is the exclusive remedy. Rosipal was no longer an employee of Montgomery Ward on April 11, 1983, the date of the first of the alleged intentional torts. Therefore, she is not barred from pursuing her remedies at common law for the alleged second set of injuries.

The standard of review of an appellate court in passing on the challenge to the sustaining of a preliminary objection in the nature of a demurrer was stated in *Kyle v. McNamara and Criste,* 506 Pa. 631, 487 A.2d 814 (1985):

All material facts set forth in the Complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review]. The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

506 Pa. 631, 634, 487 A.2d at 816 (citations omitted).

The only preliminary objection in the nature of a demurrer raised by Montgomery Ward is that Rosipal's Complaint fails to state a claim upon which relief may be granted. Montgomery Ward contends that the Workman's Compensation Act is the exclusive statutory remedy for all counts raised in her pleadings. Our supreme court has recently held in *LeFlar v. Gulf Creek Industrial Park # 2,* 511 Pa. 574, 581, 515 A.2d 875, 879 (1986) that the Workman's

Compensation Act deprives the Common Pleas Court of jurisdiction of common law actions in tort for negligence against employers. The Statutory Construction Act, 1 Pa. C.S. § 1928(b)(7), requires strict construction of provisions decreasing the jurisdiction of a court of record, which would include the Court of Common Pleas. *See*, 42 Pa.C.S. 301, 42 Pa.C.S. 901. Accordingly, the *LeFlar* holding is limited to negligent torts.

Furthermore, under Pennsylvania Rule of Civil Procedure 1030, immunity from suit is an affirmative defense which must be pled under new matter. *See* Pa.R.C.P. 1030. It is not properly raised as a matter which is the subject of preliminary objections. Pa.R.C.P. 1017(b)(4). For this reason appellant has raised no valid objection to Rosipal's complaint which would be properly before this court. Nevertheless, as I view the facts stated in the complaint under the applicable standard of review, appellee has pleaded facts sufficient to allow the action to proceed. Rosipal has met the threshold requirements for a cause of action for wrongful use of civil proceedings under 42 Pa.C.S. § 8351. Accordingly, I dissent.