Dennis **DANESE**

v.

**MORRISON–KNUDSEN/SLATTERY.**

Civ. No. 91–2604.

United States District Court,
E.D. Pennsylvania.

Jan. 31, 1992.

---

Joseph J. Di Giovanni, Frank D. Branella, Philadelphia, Pa., for plaintiff.

Andrew E. Greenberg, Rawle & Henderson, Philadelphia, Pa., for defendant.

### MEMORANDUM

LOUIS H. POLLAK, District Judge.

This action arises out of an administrative proceeding under the Pennsylvania Workmen's Compensation Act, 77 P.S. §§ 1, *et seq.* Plaintiff, a former employee of defendant, alleges that, in the course of the workers' compensation proceeding, defendant knowingly introduced false evidence, causing the referee to deny plaintiff benefits to which he was entitled. Defendant has moved to dismiss for failure to

---

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, that motion will be granted.

## I. Facts and Procedural History

The following factual account takes as true, for the purposes of this motion, the allegations of the complaint. Plaintiff, Dennis Danese, was a heavy equipment operator in the employ of defendant, Morrison–Knudsen/Slattery. On the morning of June 10, 1986, plaintiff performed work at a site on Interstate 76, the Schuylkill Expressway, in Philadelphia. After completing his work, plaintiff and a co-worker got into a pickup truck, with plaintiff as passenger, to head back to defendant's yard. At approximately 10:30 A.M., near the 30th Street Station off-ramp from the Expressway, the pickup truck in which plaintiff was riding was struck by a tractor-trailer. As a result of the accident plaintiff suffered unspecified injuries.

Some time after the accident, plaintiff filed for benefits under the Pennsylvania Workmen's Compensation Act. At the hearing before a referee as provided by the Act, defendant produced a time card, apparently signed by plaintiff, that indicated that plaintiff had signed out at 10:00 A.M., and thus was not acting in pursuit of defendant's business at the time the accident occurred. The referee, relying on the time card produced by defendant, denied benefits, concluding that plaintiff's injury did not occur on defendant's premises or in furtherance of defendant's business.

Plaintiff alleges before this court that the signature on the time card produced by defendant before the referee was forged, and that defendant knowingly introduced this false evidence in order to deprive him of the benefits to which he was entitled. Defendant has not yet filed an answer, and for the purposes of this motion argues that even if plaintiff's allegations are true, plaintiff has failed to state a claim on

which relief can be granted because plaintiff's claim is barred by the exclusivity provisions of the Workmen's Compensation Act.

## II. The Pennsylvania Workmen's Compensation Act

█ Pennsylvania's Workmen's Compensation Act creates a comprehensive system whereby workers may receive compensation for work-related injuries. In exchange for greatly eased burdens of proof and the abolition of various common-law affirmative defenses, the Act provides that the remedies available under the Act shall be the exclusive remedies available to workers who seek to recover from their employers for work-related injuries.[1] *See Alston v. St. Paul Ins. Cos.*, 389 Pa.Super. 396, 567 A.2d 663, 666 (1989). The statute therefore deprives workers of some rights in return for greater certainty in the receipt of benefits. *See Kuney v. PMA Ins. Co.*, 525 Pa. 171, 578 A.2d 1285, 1286 (1990).

█ The Pennsylvania Supreme Court has described the system created by the Workmen's Compensation Act as a "comprehensive system of substantive, procedural, and remedial laws." *Id.*, 578 A.2d at 1287. To maintain the integrity of that system, the Pennsylvania courts have allowed only a very narrow range of actions by an employee against his employer to escape the coverage of the exclusivity clause. Thus, the Pennsylvania Supreme Court has held that even intentional torts committed by the employer fall within the coverage of the Act, provided that the injury is otherwise within the scope of the Act. *See Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548, 551 (1987). Moreover, wrongful acts by an insurance carrier that delay the receipt of benefits can only be compensated within the workers' compensation system. *See Kuney*, 578 A.2d at 1287–88.

---

**1.** The Act provides:
> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled

to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational diseases as defined in section 108.

77 P.S. § 481(a) (Purdon's Supp.1988) (footnotes omitted).

## III. Analysis

■ The injuries to which the Act's exclusivity provisions apply are listed in 77 P.S. § 411. The injury of which plaintiff complains in this action—that is, harm as a result of defendant's alleged fraud—is not the type of physical injury that falls within the literal scope of 77 P.S. § 411. The injury is, however, intimately connected with a matter that clearly falls within the Act's exclusivity provision, namely, the injury that plaintiff suffered in the collision while driving from defendant's worksite. In essence, plaintiff's complaint is that defendant's actions before the referee wrongfully deprived plaintiff of benefits to which he was entitled because of the collision and his resulting injuries. "In the absence of the injury, there would have been no workmen's compensation proceedings out of which the instant civil action arose." *Rosipal v. Montgomery Ward*, 360 Pa.Super. 570, 521 A.2d 49, 50 (1987), *appeal dismissed*, 517 Pa. 460, 538 A.2d 495 (1988). When the Pennsylvania Superior Court directly addressed the question of whether an employer's allegedly fraudulent actions in the course of a workers' compensation proceeding gave rise to a separate cause of action, it denied the employee the right to bring a separate civil suit, concluding that "all of the allegations have as their ultimate basis an injury compensable under the Workmen's Compensation Act." *Id.*, 521 A.2d at 51.

The recent Pennsylvania Supreme Court decision in *Kuney* affirms the approach taken by the Superior Court in *Rosipal.* The *Kuney* court framed the issue presented as follows:

> We must decide whether an employer's immunity from tort actions, guaranteed by the Pennsylvania Workmen's Compensation Act, protects its insurance carrier if the insurer is alleged to have engaged in fraud and deceit to deprive an injured employee of his workers' compensation benefits.

*Kuney*, 578 A.2d at 1285. The court decided that the Act's exclusivity provisions extended immunity to the insurer, because the plaintiff's claim that the insurer had wrongfully delayed the receipt of benefits "is clearly a matter pertaining to a workers' compensation claim and must therefore be adjudicated within the framework of the statute." *Id.* at 1287. Because an insurer is immune to the same extent as an employer under the Act, *see* 77 P.S. § 501 (Purdon's Supp.1991), the court's decision in *Kuney* effectively disposes of plaintiff's claim against his employer in the present case.

Moreover, as the *Kuney* court noted, the Act provides a procedural framework in which plaintiff may raise the objections to defendant's actions that form the basis for this lawsuit, even if it does not allow the full relief that plaintiff now seeks. Plaintiff is entitled to an administrative appeal on the grounds that defendant committed fraud in the hearing before the referee. *See* 77 P.S. § 856 (Purdon's Supp.1991).[2] If, on further hearing, it appears that benefits were wrongfully denied, plaintiff is entitled to ten percent interest on due and unpaid compensation. *See* 77 P.S. § 717.1 (Purdon's Supp.1991). In addition, if plaintiff can show that defendant committed violations of the Act, including the Act's rules of procedure, plaintiff is entitled to a penalty of ten percent of the amount awarded, which may be increased to twenty percent if defendant's conduct produced "unreasonable excessive delays." 77 P.S. § 991 (Purdon's Supp.1991).[3] Finally, if plaintiff succeeds in showing that defendant submitted fraudulent evidence and that plaintiff is in fact entitled to benefits, plaintiff is entitled to an award of attorneys' fees and legal costs. *See* 77 P.S.

---

**2.** Indeed, defendant alleges that plaintiff has filed such an appeal.

**3.** In *Jones v. P.M.A. Insurance Co.*, 343 Pa.Super. 411, 495 A.2d 203 (1985), the Superior Court concluded that the penalty provisions of 77 P.S. § 991 were not intended to compensate for an intentional tort such as intentional infliction of emotional distress, and that an action charging such a tort was not barred by the Act's exclusivity provisions. *See id.*, 495 A.2d at 204. It is apparent, however, that the Superior Court's holding in *Jones* has been undercut by the subsequent decisions of the Pennsylvania Supreme Court in *Poyser* and *Kuney.*

§ 996 (Purdon's Supp.1991). The Act thus contemplates remedies for an individual in plaintiff's situation. The fact that the remedies provided by the Act do not provide plaintiff with all of the relief to which he would be entitled in an independent tort action does not, in itself, remove plaintiff's claim from the ambit of the Act. *See Kuney,* 578 A.2d at 1287.

Defendant's motion to dismiss must be granted.