J-A30005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOOYEUN CHUNG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVIN WILLIAMS-FOXWORTH, ZHI | : | |
| CHANG, EAN HOLDINGS, LLC, | : | |
| ENTERPRISE, TRAVELERS AND THE | : | No. 2849 EDA 2024 |
| TRAVELERS HOME AND MARINE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| | : | |
| APPEAL OF: TRAVELERS AND THE | : | |
| TRAVELERS HOME AND MARINE | : | |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240601352

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　　**FILED MARCH 12, 2026**

Travelers and The Travelers Home and Marine Insurance Company

(collectively, "Travelers") appeal from the order, entered in the Court of

Common Pleas of Philadelphia County, overruling their preliminary objection

in the form of a petition to compel arbitration[1] in a motor vehicle action

brought by Appellee, Jooyeun Chung.  The trial court acknowledges that it

_____

[1] This is an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(a)(8)
and 42 Pa.C.S.A. §§ 7320(a)(1) and 7342(a).  ***See Goral v. Fox Ridge, Inc.***,
683 A.2d 931, 933 n.1 (Pa. Super. 1996).

erred in overruling Travelers' preliminary objection and we agree. We, therefore, reverse on the basis of the opinion authored by the Honorable Sean F. Kennedy and remand to the trial court for referral to arbitration.

The trial court set forth the relevant factual and procedural history of this matter as follows:

> On June 14, 2022, [Chung] was operating her 2016 BMW sedan on the I-676 East off[-]ramp to I-95 in the City and County of Philadelphia, Pennsylvania. At the same time, Defendant Zhi Chang was operating a Toyota SUV—owned by Defendant EAN Holdings, Inc.—directly behind [Chung's] vehicle. At the same time and place, Defendant [Devin] Williams-Foxworth was operating his Dodge SUV directly behind Defendant Chang's vehicle. [] Williams-Foxworth allegedly operated his vehicle in a negligent and careless manner, causing his Dodge SUV to crash into the rear of [] Chang's Toyota SUV, which then struck the rear of [Chung's] BMW sedan. After investigation, it was determined that [] Williams-Foxworth was not insured at the time of the collision. At the time of the collision, there was a policy of automobile insurance [issued] to [Chung] held by [Travelers], identified as Policy Number 991791829-101-1, which included coverage for Uninsured Motorist [("UM")] and Underinsured Motorist [("UIM")] benefits.
>
> On June 12, 2024, [Chung] commenced the present action against [] Williams-Foxworth, [] Chang, EAN Holdings, Inc., [and] Travelers, [] asserting claims of negligence, vicarious liability, breach of contract—[UM] benefits, and breach of contract—[UIM] benefits. On July 22, 2024, [Travelers] filed preliminary objections in the form of a petition to enforce an arbitration agreement, or[,] alternatively[,] to strike Count V—Breach of Contract—[UIM] from the complaint. [Travelers] averred a term in the Travelers policy precluded [Chung] from litigating the breach of contract claims before the trial court. On September 26, 2024, the [trial] court overruled the preliminary objections to enforce the arbitration agreement and ordered [Travelers] to file an answer to the complaint within twenty days. This timely appeal followed.

Trial Court Opinion, 5/13/25, at 1-2 (citations to record and footnotes omitted).

The trial court and Travelers have both complied with Pa.R.A.P. 1925. Travelers raises the following claim for our review:

> Whether, as its [o]pinion acknowledges, the trial court erred in overruling Travelers' preliminary objections in the form of a petition to enforce a valid arbitration agreement because that arbitration agreement specifically contemplated a dispute as to the amount of damages arising from an accident with an uninsured or underinsured motorist[.]

Brief of Appellant, at 4.

Our standard of review of a denial of a petition to compel arbitration is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition. *D & H Distrib. Co., Inc. v. Nat'l Union Fire Ins. Co.*, 817 A.2d 1164, 1165-66 (Pa. Super. 2003).

> Where a party to a civil action seeks to compel arbitration of that action, a two-part test is employed to determine if arbitration is required. First, the trial court must determine if a valid agreement to arbitrate exists between the parties. [*Midomo Co., Inc. v. Presbyterian Hous. Dev. Co.*, 739 A.2d 180, 186 (Pa. Super. 1999).] Second, if the trial court determines that such an agreement does exist, it must then determine if the dispute involved is within the scope of the arbitration provision. *Id.* "The scope of arbitration is determined by the intention of the parties as ascertained in accordance with the rules governing contracts generally." *Henning v. State Farm Mut. Automobile Ins. Co.*, 795 A.2d 994, 996 (Pa. Super. 2002)[.]

*Pittsburgh Logistics Sys., Inc. v. Professional Transp. & Logistics, Inc.*, 803 A.2d 776, 779 (Pa. Super. 2002). Moreover,

[a]rbitration is a matter of contract and, as such, it is for the court to determine whether an express agreement between the parties to arbitrate exists. Because the construction and interpretation of contracts is a question of law, the trial court's conclusion as to whether the parties have agreed to arbitrate is reviewable by this Court.

*Smith v. Cumberland Group*, 687 A.2d 1167, 1171 (Pa. Super. 1997) (citations omitted). The interpretation of a contract is a question of law and, thus, our review is plenary. *Riverview Carpet & Flooring, Inc. v. Presbyterian SeniorCare*, 299 A.3d 937, 983 (Pa. Super. 2023).

Here, the arbitration clause in question reads as follows:

**ARBITRATION**

A. *If we and an 'insured' do not agree*:

1. Whether the owner or operator of the 'uninsured motor vehicle' or 'underinsured motor vehicle' is legally liable to that 'insured' for 'bodily injury' sustained or caused by an accident; or

2. *The amount of damages sustained by the 'insured';*

*either party may make a written demand for arbitration*.

Travelers UM/UIM Motorists Endorsement—Pennsylvania, at 6 (bold in original; italics/underline emphasis added).

Travelers argues, and the trial court agrees, that Chung's policy contained a valid agreement to arbitrate, asserting the agreement is "clear and consistent with arbitration agreements that this Court and our Supreme Court have found valid and enforceable." Brief of Appellant, at 10; *id.* at 10-12, discussing *Brennan v. General Accident Fire & Life Assurance Corp.*, 574 A.2d 580 (Pa. 1990); *D & H Distributing Co., Inc. v. Nat'l Union Fire*

- 4 -

*Ins. Co.*, 817 A.2d 1164 (Pa. Super. 2003); and *Cunningham v. Prudential Property & Cas. Ins. Co.*, 489 A.2d 875 (Pa. Super. 1985). Moreover, Travelers argues—and the trial court agrees—that the parties' dispute falls within the scope of the arbitration agreement, where the agreement provides that either party may demand arbitration when Travelers and an insured "do not agree" as to "[t]he **amount of damages sustained** by the 'insured[,]'" UM/UIM Motorists Endorsement—Pennsylvania, at 6 (Arbitration, A.2.) (emphasis added), and Chung's claims against Travelers "focus on the **amount allegedly owed** for UM/UIM coverage[.]" Brief of Appellant, at 15 (emphasis added).

After our review of the certified record, the applicable law, and the briefs of the parties, we conclude that the opinion authored by Judge Kennedy correctly and thoroughly disposes of Travelers' claim on appeal. *See* Trial Court Opinion, 5/13/25, at 3-9. Specifically, we agree with Judge Kennedy that: (1) the Travelers policy contained a valid arbitration agreement[2] where

_____

[2] In her appellate brief, Chung relies almost exclusively on this Court's en banc decision in *Chilutti v. Uber Technologies, Inc.*, 300 A.3d 430 (Pa. Super. 2023) (en banc), in which we addressed an Internet "browse-wrap" arbitration agreement and concluded that it was invalid because the appellants took no action "that unambiguously manifested their assent to be bound by the terms and conditions" that included the agreement to arbitrate. *Id.* at 449. The Pennsylvania Supreme Court granted allowance of appeal and, on January 21, 2026, issued an Opinion vacating our decision on the basis that we erred in concluding that the order in question was appealable as a collateral order. *See id.*, --- A.3d ---, 2026 WL 156181 (Pa. 2026). Accordingly, the Supreme Court remanded the case to this Court and directed us to quash the Chiluttis' appeal. As such, the holding of *Chilutti* is no longer good law. In any event,
*(Footnote Continued Next Page)*

Chung availed herself of all other terms of the policy and her conduct "expressed an acceptance based on what a reasonable person in the position of the parties would be led to understand by such conduct under all of the surrounding circumstances[,]" *id.* at 7-8; (2) the arbitration agreement was not permissive and required Chung to submit to arbitration, *id.* at 8-9; and (3) the terms of the arbitration agreement covered the parties' dispute over the amount of damages sustained by Chung. *See id.* at 9. Accordingly, we reverse on the basis of Judge Kennedy's opinion and direct the parties to attach a copy of the opinion in the event of further proceedings.

Order reversed. Case remanded for referral to arbitration of Chung's breach of contract claims against Travelers. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026

---

Chung's reliance on *Chilutti* was misplaced, where that case specifically involved an Internet "browse-wrap" agreement and this matter involves a written endorsement to an automobile insurance policy.

- 6 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| JOOYEUN CHUNG, | : | JUNE TERM 2024 |
| | : | NO. 1352 |
| Appellee, | : | |
| | : | |
| vs. | : | |
| | : | |
| DEVIN WILLIAMS-FOXWORTH, *et al.*, | : | |
| | : | SUPERIOR COURT |
| Appellants. | : | NO. 2849 EDA 2024 |

---

## **O P I N I O N**

---

KENNEDY, J.                                                                May 13, 2025

Travelers, and The Travelers Home and Marine Insurance Company (hereinafter

"Appellants"), appeal from the September 26, 2024, order, entered in the Philadelphia County

Court of Common Pleas, overruling its preliminary objection to compel arbitration in defense of

the action brought against Appellants by Jooyeun Chung (hereinafter "Appellee"). The relevant

facts and procedural history follow below.

## **FACTS AND PROCEDURAL HISTORY**

On June 14, 2022, Appellee was operating her 2016 BMW sedan on the I-676 East off-

ramp to I-95 in the City and County of Philadelphia, Pennsylvania. *See* Appellee's Complaint,

6/12/24, at 3. At the same time, Defendant Zhi Chang was operating a Toyota SUV – owned by

Defendant EAN Holdings, Inc. – directly behind Appellee's vehicle. *Id.* at 4. At the same time

and place, Defendant Williams-Foxworth was operating his Dodge SUV directly behind

Defendant Chang's vehicle. *Id.* Defendant Williams-Foxworth allegedly operated his vehicle in a

OPFLD-Chung Vs Williams-Foxworth Etal [SYC]



2406013520071

negligent and careless manner, causing his Dodge SUV to crash into the rear of Defendant Chang's Toyota SUV, which then struck the rear of Appellee's BMW sedan. *Id.* After investigation, it was determined that Defendant Williams-Foxworth was not insured at the time of the collision. *Id.* At the time of the collision, there was a policy of automobile insurance to Appellee held by Appellant The Travelers Home and Marine Insurance, Co., identified as Policy Number 991791829-101-1, which included coverage for Uninsured Motorist and Underinsured Motorist benefits. *See* Appellant's Preliminary Objections, 7/22/24, at 2.

On June 12, 2024, Appellee commenced the present action against defendants Devin Williams-Foxworth, Zhi Chang, EAN Holdings, Inc., Travelers, and The Travelers Home and Marine Insurance, Co., asserting claims of negligence, vicarious liability, breach of contract – uninsured motorist benefits, and breach of contract – underinsured motorist benefits. On July 22, 2024, Appellants Travelers and The Travelers Home and Marine Insurance, Co., filed preliminary objections in the form of a petition to enforce an arbitration agreement, or alternatively to strike Count V – Breach of Contract – Underinsured Motorist Benefits from the complaint. Appellants averred a term in the Travelers policy precluded Appellee from litigating the breach of contract claims before the trial court. On September 26, 2024, the lower court overruled the preliminary objections to enforce the arbitration agreement and ordered Appellants to file an answer to the complaint within twenty days. This timely appeal followed.[1]

## MATTERS COMPLAINED ON APPEAL

1. The trial court erred in overruling Appellant's preliminary objections in the form of a petition to enforce an arbitration agreement.[2]

---

[1] The denial of a petition to compel arbitration is an interlocutory order appealable as of right pursuant to Pa.R.A.P. 311(a)(8) (appealable by statute) and 42 Pa.C.S. § 7320(a)(1) (providing that an appeal may be taken from an order denying a motion to compel arbitration).

[2] The lower court did not require Appellants to file a Concise Statement of Errors Complained on Appeal pursuant to Pa.R.A.P. 1925(b).

-2-

## DISCUSSION

Travelers, and The Travelers Home and Marine Insurance Company (hereinafter "Appellants"), appeal from the order overruling its preliminary objections to compel arbitration in defense of the action brought against Appellants by Appellee. The lower court agrees that it erred in overruling the preliminary objections to compel arbitration. Initially, it is axiomatic that:

> [The] standard of review of a claim that the trial court improperly overruled preliminary objections in the nature of a petition to compel arbitration is clear. [Appellate] review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition.
>
> In doing so, [reviewing courts] employ a two-part test to determine whether the trial court should have compelled arbitration. First, [the appellate court] examine[s] whether a valid agreement to arbitrate exists. Second, [the reviewing court] must determine whether the dispute is within the scope of the agreement.
>
> Whether a claim is within the scope of an arbitration provision is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary.
>
> Further, [the reviewing courts] are guided by the following principles:
>
> (1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute.

*Fineman, Krekstein & Harris, P.C.*, 278 A.3d 385, 389 (Pa. Super. 2022). In light of this two-part inquiry, the lower court was first required to determine whether a valid arbitration agreement existed between the parties, and then whether it covered the dispute. *Id.* "Whether an agreement to arbitrate disputes exists is a question of law." *Neuhard v. Travelers Ins., Co.*, 831

-3-

A.2d 602, 604 (Pa. Super. 2003). "When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law." *Id.*

To thoroughly analyze this argument, the lower court begins with the interplay of arbitration agreements and the constitutional right to a jury trial (a right that has not been amended or modified for hundreds of years). The lower court recognizes the following:

> Pennsylvania has a well-established public policy that favors arbitration, and this policy aligns with the federal approach expressed in the Federal Arbitration Act [("FAA")]. [T]he fundamental purpose of the [FAA] is to relieve the parties from expensive litigation and to help ease the current congestion of court calendars. Its passage was a congressional declaration of a liberal federal policy favoring arbitration agreements.
>
> This policy, however, was not intended to render arbitration agreements more enforceable than other contracts, and the FAA had not been designed to preempt all state law related to arbitration. Rather, when addressing the specific issue of whether there is a valid agreement to arbitrate, courts generally should apply ordinary state-law principles that govern the formation of contracts, but in doing so, must give due regard to the federal policy favoring arbitration.

*Chilutti v. Uber Technologies, Inc.*, 300 A.3d 430, 441 (Pa. Super. 2023) (*en banc*) (citing *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 660-661 (Pa. Super. 2013)).

Under Pennsylvania law, the elements of an enforceable contract are an "offer, acceptance, consideration, or mutual meeting of the minds." *Schreiber v. Olan Mills*, 627 A.2d 806, 808 (1993) (citation and quotation marks omitted). "[T]here must be a meeting of the minds; the very essence of an agreement is that the parties mutually assent to the same thing." *Id.* (some punctuation omitted). "Whether particular conduct expresses an offer and acceptance must be determined on the basis of what a reasonable person in the position of the parties would be led to understand by such conduct under all of the surrounding circumstances." *Mountain Properties, Inc. v. Tyler Hill Realty Corp.,* 767 A.2d 1096, 1101 (Pa. Super. 2001) (citing *Temple*

-4-

*University Hospital, Inc. v. Healthcare Management Alternatives, Inc.*, 764 A.2d 587 (Pa. Super. 2000)).

### A. The Travelers Insurance Policy Arbitration Agreement

At the time of the subject collision, Appellee held an automobile insurance policy through Appellant The Travelers Home and Marine Insurance Co., identified as Policy Number 991791829-101-1 (hereinafter "Travelers Policy") , which included coverage for Uninsured Motorist and Underinsured Motorist benefits. *See* Appellant's Preliminary Objections, 7/22/24, at Ex. A. Appellants aver the lower court erred when it overruled the preliminary objections to compel arbitration. The lower court is now constrained to agree.

For its part, the valid Travelers Policy at-issue in the present case was effective at the time of the collision. The Travelers Policy contained an 8-page "Uninsured/Underinsured Motorists Endorsement – Pennsylvania." Appellant's Preliminary Objections, 7/22/24, at Ex. A. The Travelers Policy contained the following language regarding arbitration:

**Arbitration**

A.      If we and an "insured" do not agree:

1.      Whether the owner or operator of the "uninsured motor vehicle" or "underinsured motor vehicle" is legally liable to that "insured" for "bodily injury" sustained and caused by an accident, or

2.      The amount of the damages sustained by the "insured", either party may make a written demand for arbitration.

                    *               *               *

B.      In the event that a valid written demand for arbitration is made, each party will select an arbitrator[.]

*See* Appellants' Preliminary Objections, 7/22/24, at Exhibit A.

In its Answer to Appellants' preliminary objections to compel arbitration, Appellee invited the lower court to adopt a broad reading of the Superior Court's holding in *Chilutti v. Uber Technologies, Inc.*, 300 A.3d 430, 441 (Pa. Super. 2023) *(en banc)*, a case that addressed the terms and conditions of a plaintiff's assenting to arbitration through "browse-wrap" agreements and the plaintiffs remained unaware that contractual terms were even offered, much less that the continued use of the website would be found to constitute manifest acceptance of those terms. *See Chilutti*, 300 A.3d at 446-447. This is an invitation the lower court must now reject.

The issues addressed by the *Chilutti* Court and the case *sub judice* are inherently distinct. Indeed, on August 27, 2024, the Supreme Court of Pennsylvania granted the Petition for Allowance of Appeal in *Chilutti*, 325 A.3d 446 (Pa. 2024), from the decision of the Superior Court; one of the questions to be addressed is whether as a "matter of Pennsylvania law, should online arbitration agreements be enforced under the same rules applicable to contracts differently." *Id.* The lower court is not required to address this question. Instead, it is tasked only determining whether, under current Pennsylvania law, a valid arbitration agreement existed between the parties, and then whether it covered the dispute. *See Fineman, Krekstein & Harris, P.C.*, 278 A.3d 385, 389 (Pa. Super. 2022).

### B. The Travelers Policy Contained a Valid Arbitration Agreement

The lower court determined that it erred in overruling Appellants' preliminary objections to compel enforcement of an arbitration agreement. Appellee fruitlessly expends much energy analogizing the present case to the Superior Court's decision in *Chilutti v. Uber Technologies, Inc.*, 300 A.3d 430 (Pa. Super. 2023) *(en banc)*. They are inapposite. As Appellant noted:

In *Chilutti*, plaintiffs purportedly entered into an Arbitration Agreement via a set of hyperlinked "terms and conditions" on a website or smartphone application on which they never clicked, viewed or read. In *Chilutti* the defendant, Uber, moved to compel Arbitration, asserting that the plaintiffs' conduct on the company's website and application—when they registered for the ride-share service—signified that they agreed to be bound by the mandatory arbitration provisions found in the hyperlinked terms and conditions. In *Chilutti*, the terms and conditions at issue could only be reached via a hyperlink, which then would have re-directed the user to a separate website that would have displayed a 12-page document. The Court also noted that the hyperlinks were smaller than the other wording on the webpage [to create the account for Uber] and in a blue-colored font that was not underlined.

The Court in *Chilutti* found that, based on the nature of Uber's two interfaces, the contracts qualify as "browse-wrap agreements" because both appellants were 'left unaware that contractual terms were even offered, much less that continued use of the website [would] be deemed to manifest acceptance of those terms'." *Chilutti* at 446-447 (citing *Berman v. Freedom Fin. Network, LLC.,* 30 F.4th 849 ([] 9th Cir. 2022)). In making its determination that there was a lack of a valid agreement to arbitrate in *Chilutti*, the Court concluded that Uber's website and application did not provide reasonably conspicuous notice of the terms to which the Chiluttis were bound. The Court also noted that the Chiluttis did not click on or access the terms and conditions [via the hyperlinks] before their registration process was completed.

Appellants' Reply Brief Supporting Preliminary Objections, 8/21/24, at 3. Here, there is no compelling argument to conclude that the reasoning advanced by Appellee that the *Chilutti* Court's holding applies to the case at bar. Given none of the precepts *Chilutti* exist within the current case (*i.e.,* a written agreement versus a "browse-wrap" agreement), the lower court is forced to conclude that a valid arbitration agreement existed between the parties. Appellee claims that the arbitration clause was something to which it never assented, thereby extinguishing Appellants' claims. However, the lower court must observe that Appellee availed themselves to all other terms under the Travelers Policy. There was, in fact, a meeting of the minds and Appellee's conduct expressed an acceptance based on what a reasonable person in the position of the parties would be led to understand by such conduct under all of the surrounding

circumstances. *See Schreiber v. Olan Mills*, 627 A.2d 806, 808 (1993). That Appellee now takes umbrage with the terms of the arbitration agreement are of no moment.

i. The Travelers Policy Arbitration Agreement was not Permissive

Appellants correctly emphasize the Superior Court's holding in *D & H Distributing Co., Inc. v. National Union Fire Insurance, Co.*, 817 A.2d 1164 (Pa, Super. 2003). In *D&H*, the Superior Court considered whether an arbitration clause phrased as "Should any dispute arise between the Insured and the Company under this policy, either **may** make written demand upon the other to submit the dispute for arbitration," qualified as permissive. *D & H Distributing Co., Inc. v. National Union Fire Insurance, Co.*, 817 A.2d 1164, 1166 (Pa. Super. 2003) (emphasis added). The Superior Court held that it was not permissive and any alternative ""would render the arbitration provision meaningless for all practical purposes, since the parties could always voluntarily submit to arbitration." *Id.* at 1167. The *D&H* Court further concluded:

> [W]e generally recognize that the language permitting either party to demand arbitration operates to require the parties to submit to arbitration, as it clearly demonstrates that the parties contemplated the use of arbitration proceedings as the forum for resolution of disputes. **The provision here at issue clearly evidences that the parties entered into an agreement to arbitrate disputes at either party's choosing. There is no good reason for including an arbitration provision if it can be defeated by a unilateral refusal to arbitrate. ...** We do not read the language used as requiring a race to the courthouse to preclude notice of a demand to arbitrate. Rather, we agree with the federal court's interpretation that the use of the word "may" merely reflects a party's ability to forego or abandon their claim. **In the absence of abandonment or settlement, a claim that falls within the scope of the contract must be arbitrated upon demand.**

*Id.* at 1169-70.

Here, Appellee entered into a contract – the Travelers Policy – that had substantial similarities to the arbitration clause at issue in *D & H Distributing Co., Inc. v. National Union Fire Insurance, Co.*, 817 A.2d 1164 (Pa. Super. 20003). The Travelers Policy contained the language "either party **may** make a written demand for arbitration" if there is a "dispute

- 8 -

regarding the amount of the damages sustained by the 'insured.'" *See* Appellants' Preliminary Objections, 7/22/24, at Exhibit A (emphasis added). There is no evidence of abandonment by Appellee, nor has there been a settlement. Therefore, the Travelers Policy was not permissive and required Appellee to submit to arbitration.

        C.      The Travelers Policy Covered the Dispute

Finally, the lower court concluded that the arbitration agreement contained in the Travelers Policy was covered by the dispute. The language of the agreement is clear: when there is a dispute concerning "the amount of the damages sustained by the "insured", either party may make a written demand for arbitration." *See* Appellants' Preliminary Objections, 7/22/24, at Exhibit A (emphasis added). Appellee brought claims against Appellants in the nature of breach of contract for both underinsured and uninsured motorist benefits. Given the clear language of the Travelers Policy and Appellee's intent to recover based upon a dispute in the amount of damages, the Travelers Policy covered the dispute.

## CONCLUSION

Travelers, and The Travelers Home and Marine Insurance Company (hereinafter "Appellants"), appeal from the September 26, 2024, order, entered in the Philadelphia County Court of Common Pleas, overruling its preliminary objection to compel arbitration in defense of the action brought against Appellants. The lower court erred when it overruled the preliminary objections. For the reasons outlined above, the lower court respectfully requests the Superior Court reverse the order below.

                                        BY THE COURT:

                                        SEAN F. KENNEDY, J.

- 9 -